IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMY BRYANT, M.D., M.S.C.R.; BEVERLY GRAY, M.D.; ELIZABETH DEANS, M.D., on behalf of themselves and their patients seeking abortions; and PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its staff, and its patients seeking abortions, <br><br> Plaintiffs, <br><br> v. <br><br> JIM WOODALL, in his official capacity as District Attorney ("DA") for Prosecutorial District ("PD") 15B; ROGER ECHOLS, in his official capacity as DA for PD 14; ELEANOR E. GREENE, M.D., M.P.H, in her official capacity as President of the North Carolina Medical Board; RICK BRAJER, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; and their employees, agents, and successors, <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 1:16-CV-01368 |

**PLAINTIFFS' OPPOSITION TO VERIFIED MOTION OF THE DEFENDANTS FOR AN ORDER DEFERRING ANY FURTHER BRIEFING ON AND POSTPONING ANY HEARING OR DECISION ON THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNTIL THE DEFENDANTS HAVE HAD AN OPPORTUNITY TO CONDUCT LIMITED, EXPEDITED DISCOVERY AND TO GATHER DOCUMENTS AND EVIDENCE NECESSARY TO ALLOW THEM TO RESPOND TO THE PLAINTIFFS' SUMMARY JUDGMENT MOTION**

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................... 1
    I.      Defendants Are Not Entitled to Relief Under Rule 56(d) Because They Do Not Dispute the Only Material Fact at Issue in this Case ............. 2
    II.    Plaintiffs Have Established Standing Under Binding Precedent ................. 7
CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agostini v. Felton*,
  521 U.S. 203 (1997) .................................................................................................... 7

*Babbitt v. United Farm Workers Nat. Union*,
  442 U.S. 289 (1979) .................................................................................................... 8

*Carhart v. Stenberg*,
  192 F.3d 1142 (8th Cir. 1999), *aff'd*, 530 U.S. 914 (2000) .............................................. 4

*Colautti v. Franklin*,
  439 U.S. 379 (1979) .................................................................................................... 3

*DesJarlais v. State, Office of Lieutenant Governor*,
  300 P.3d 900 (Alaska 2013), *reh'g denied* ................................................................... 4

*Edwards v. Beck*,
  786 F.3d 1113 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 895 (2016) ............................... 4

*Gonzales v. Carhart*,
  550 U.S. 124 (2007) .................................................................................................... 9

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
  962 F.2d 1366 (9th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992) ............................... 4

*In re Initiative Petition No. 349, State Question No. 642*,
  838 P.2d 1 (Okla. 1992), *cert. denied*, 506 U.S. 1071 (1993) ........................................ 4

*In re Initiative Petition No. 395, State Question No. 761*,
  286 P.3d 637 (Okla. 2012), *cert. denied*, 133 S. Ct. 528 (2012) .................................... 4

*Ingle ex rel. Estate of Ingle v. Yelton*,
  439 F.3d 191 (4th Cir. 2006) ....................................................................................... 2

*Isaacson v. Horne*,
  716 F.3d 1213 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 905 (2014) ....................... passim

*Jane L. v. Bangerter*,
  102 F.3d 1112 (10th Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997) ............................. 4

*MKB Mgmt. Corp. v. Stenehjem*,
  795 F.3d 768 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 981 (2016) ................................. 4

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Nguyen v. CNA Corp.*,
  44 F.3d 234 (4th Cir. 1995) .................................................................................... 2

*Planned Parenthood of Se. Pa. v. Casey*,
  505 U.S. 833 (1992) ..................................................................................... 3, 6

*Roe v. Wade*,
  410 U.S. 113 (1973) ........................................................................................ 3

*Singleton v. Wulff*,
  428 U.S. 106 (1976) ........................................................................................ 8

*Sojourner T. v. Edwards*,
  974 F.2d 27 (5th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993) ...................................... 4

*Strag v. Bd. of Trs.*,
  55 F.3d 943, 954 (4th Cir. 1995)………………………………………………………….6

*U.S. v. Danielczyk*,
  683 F.3d 611 (4th Cir. 2012) ............................................................................... 7

*Whole Woman's Health v. Hellerstedt*,
  136 S. Ct. 2292 (2016) ..................................................................................... 3

*Women's Med. Prof'l Corp. v. Voinovich*,
  130 F.3d 187 (6th Cir. 1997), *cert. denied*, 523 U.S. 1036 (1998) ................................... 4

*Wyo. Nat'l Abortion Rights Action League v. Karpan*,
  881 P.2d 281 (Wyo. 1994) ................................................................................. 4

## OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(1) ........................................................................................ 10

N.C. Gen. Stat. § 14-45.1(b1)–(c)…………………………………………………………..10

# INTRODUCTION

Plaintiffs seek summary judgment based on the single claim that the 20-week ban unconstitutionally prohibits their patients from obtaining an abortion before viability, in violation of unwavering United States Supreme Court precedent. Numerous courts throughout the country have struck down similar bans on previability abortions as unconstitutional; a federal court of appeals invalidated a virtually identical law to the one at issue here within the last several years. Facing this overwhelming precedent against them, Defendants attempt to complicate Plaintiffs' straightforward challenge by raising issues that are legally immaterial to the only claim before the Court. This Court should reject Defendants' attempt to skirt the law established by the Supreme Court, which leaves no doubt that the ban is unconstitutional.

Defendants request an extension to develop evidence but have failed to dispute—or assert an intent to dispute—the only material fact at issue before this Court: that the 20-week ban prohibits some previability abortions. Indeed, Defendants concede that fetal viability is a determination that must be made by a physician on a case-by-case basis and do not and cannot claim that they will provide the Court with evidence that all fetuses reach viability immediately after the twentieth week of pregnancy. For these reasons, Defendants do not purport to be able to provide evidence to this Court that would alter the conclusion that the 20-week ban is an unconstitutional previability abortion ban. Because Plaintiffs only seek relief as applied to previability abortions, and because Defendants cannot dispute that the 20-week ban prohibits some previability abortions, Plaintiffs are entitled to that

1

relief as a matter of law. The other evidence Defendants seek to present is simply immaterial under settled precedent and cannot transform this unconstitutional law into a valid one.

Likewise, the ban impacts every woman seeking an abortion after twenty weeks and has forced Plaintiffs to turn away patients whom they would treat but for the ban. Accordingly, Plaintiffs' standing to seek an injunction challenging the 20-week ban is clearly established.

Defendants have failed to offer any concrete basis for conducting discovery in this case about a clearly unconstitutional law, and the Court should deny their motion.

## I. Defendants Are Not Entitled to Relief Under Rule 56(d) Because They Do Not Dispute the Only Material Fact at Issue in this Case

Defendants are not entitled to relief under Rule 56(d) because they fail to show that they can dispute the only material fact in this case: that the ban prohibits some previability abortions. A Rule 56(d) motion should be denied if "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995)) (addressing predecessor to Rule 56(d)). The court should decide if there is a sufficient basis for allowing discovery based on whether the Rule 56(d) affidavit "particularly specifies legitimate needs for further discovery." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).

The controlling legal principle here is straightforward: "[b]efore viability, the State's interests are not strong enough to support a prohibition of abortion." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 846 (1992); *accord Isaacson v. Horne*, 716 F.3d 1213, 1217 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 905 (2014) (the Supreme Court has been "unalterably clear regarding one basic point": "a woman has a constitutional right to choose to terminate her pregnancy before the fetus is viable"). The central holding of *Roe* and *Casey*, which the Supreme Court has consistently reaffirmed, is that viability marks the earliest point at which a state may justify a ban on abortion. *See Casey*, 505 U.S. at 860; *Roe v. Wade*, 410 U.S. 113, 163–64 (1973); *see also Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2299 (2016); *see also* Mem. Supp. Pls.' Mot. Summ. J. 7–8, ECF No. 14 (citing numerous cases so holding).

Nor can a state dictate where the point of viability lies, because "the determination of whether a particular fetus is viable is, and must be, a matter for the judgment of the responsible attending physician." *Colautti v. Franklin*, 439 U.S. 379, 396 (1979) (quoting *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 64 (1976)); *see also id.* at 388-89 ("Because [the point of viability] may differ with each pregnancy, neither the legislature nor the courts may proclaim one of the elements entering into the ascertainment of viability—be it weeks of gestation or fetal weight or any other single factor—as the determinant of when the State has a compelling interest in the life or health of the fetus."); *Isaacson*, 716 F.3d at 1223 (holding that since *Roe*, the Supreme Court and lower federal courts have repeated over and over again that "viability—not gestational age—remains the

'critical point'" (quoting *Webster v. Reproductive Health Servs.*, 492 U.S. 490, 529 (1989) (O'Connor, J., concurring))). Defendants concede this very point in their answer. *See* Defs.' Answer to Pls.' Compl. ¶ 27, ECF No. 20 (admitting that the moment of fetal viability varies from pregnancy to pregnancy and must be determined by a physician).

Based on this clear precedent, every federal appellate court or state high court faced with a law prohibiting abortions before viability, with or without exceptions, has ruled that it violates the Fourteenth Amendment.[1] Further, the Supreme Court has affirmed or denied *certiorari* in each one of those cases it has been asked to review. *See id.*

---

[1] *See MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 (8th Cir. 2015) (striking down ban on previability abortions at 6 weeks with exceptions), *cert. denied*, 136 S. Ct. 981 (2016); *Edwards v. Beck*, 786 F.3d 1113, 1117 (8th Cir. 2015) (striking down ban on previability abortions at 12 weeks with exceptions), *cert. denied*, 136 S. Ct. 895 (2016); *Isaacson v. Horne*, 716 F.3d 1213, 1217, 1231 (9th Cir. 2013) (striking down ban on previability abortions at 20 weeks with exceptions), *cert. denied*, 134 S. Ct. 905 (2014); *Carhart v. Stenberg*, 192 F.3d 1142, 1151 (8th Cir. 1999) (striking down ban on "the most common procedure" used to perform abortions after 13 weeks), *aff'd*, 530 U.S. 914, 922 (2000); *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 201 (6th Cir. 1997) (same), *cert. denied*, 523 U.S. 1036 (1998); *Jane L. v. Bangerter*, 102 F.3d 1112, 1114, 1117−18 (10th Cir. 1996) (striking down ban on previability abortions at 22 weeks with exceptions), *cert. denied*, 520 U.S. 1274 (1997); *Sojourner T. v. Edwards*, 974 F.2d 27, 29, 31 (5th Cir. 1992) (striking down ban on all abortions with exceptions), *cert. denied*, 507 U.S. 972 (1993); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1368−69 (9th Cir. 1992) (same), *cert. denied*, 506 U.S. 1011 (1992); *cf. DesJarlais v. State, Office of Lieutenant Governor*, 300 P.3d 900, 904–05 (Alaska 2013) (invalidating proposed previability ban on all abortions with exception for "necessity"), *reh'g denied*; *In re Initiative Petition No. 395, State Question No. 761*, 286 P.3d 637, 637−38 (Okla. 2012) (invalidating proposed definition of a fertilized egg as a "person" under due process clause), *cert. denied*, 133 S. Ct. 528 (2012); *Wyo. Nat'l Abortion Rights Action League v. Karpan*, 881 P.2d 281, 287 (Wyo. 1994) (ruling proposed ban on abortions would be unconstitutional); *In re Initiative Petition No. 349, State Question No. 642*, 838 P.2d 1, 7 (Okla. 1992) (striking down proposed abortion ban with exceptions), *cert. denied*, 506 U.S. 1071 (1993).

The dispositive legal question for this Court, therefore, is whether the 20-week ban prohibits some previability abortions; it does, and nothing in Defendants' motion disputes that point. Plaintiffs challenge the 20-week ban "as applied to all women seeking previability abortion after the twentieth week of pregnancy." Compl. for Injunctive & Declaratory Relief ¶ 2, ECF No. 1.[2] Although Defendants purport to contest Plaintiffs' evidence regarding "whether any post-twenty-week unborn fetuses are viable," Defendants do not dispute—and never indicate that they intend after discovery to dispute—the sole material fact in this case: that the 20-week ban prohibits some abortions before viability. *See* Verified Mot. of Defs.' for an Order Deferring Any Further Briefing On & Postponing Any Hearing or Decision on Pls.' Mot. for Summ. J. Until Defs. Have Had an Opportunity to Conduct Limited, Expedited Disc. & to Gather Documents & Evidence Necessary to Allow Them to Respond to Pls.' Summ. J. Mot. [hereinafter "Defs.' Mot. Expedited Disc."] ¶ 21, ECF No. 21. Because Defendants do not assert that they intend to prove that all fetuses attain viability at the end of the twentieth week, and because Plaintiffs challenge the ban *only* as applied to women seeking *previability* abortions, the factual record Defendants seek time to develop is immaterial to the issue before the Court.

In sum, because (1) it is *per se* unconstitutional to prohibit abortions before viability; (2) it is indisputable that the 20-week ban prohibits some previability abortions; and (3)

---

[2] The only remedy that Plaintiffs seek is an injunction that would prohibit Defendants from enforcing the statutes that comprise the 20-week ban as applied to previablity abortions. Plaintiffs do not ask this Court for an injunction that applies to post viability abortion procedures, which none of the Plaintiffs perform or seek to perform.
5

Case 1:16-cv-01368-WO-LPA   Document 27   Filed 02/09/17   Page 9 of 16

Plaintiffs only challenge the ban's application to previability abortions, the evidence Defendants seek time to develop affords no basis for relief under Rule 56(d).

Defendants likewise assert that summary judgment is premature because they wish to develop facts regarding fetal pain and the safety of abortion at or after twenty weeks, but once again evidence on those subjects is immaterial to the claim before the Court.[3] The Supreme Court has clearly held that *no* state interest is strong enough to justify a ban on abortion at any point prior to viability. *Casey*, 505 U.S. at 879. Defendants' assertion that facts regarding fetal pain or the risks of abortion at twenty weeks are material to the claim before this Court is incorrect as a matter of law, as numerous courts have found. *See, e.g.*, *Isaacson*, 716 F.3d at 1220, 1229 (declining to address defendants' factual assertions regarding fetal pain and the safety of abortion where a 20-week ban prevented previability abortions and case was therefore "fully controlled by binding precedent"). For these reasons, none of the facts Defendants expect to present is legally relevant, and Defendants have failed to meet their burden of averring materiality. *See Strag*, 55 F.3d at 953−54.

Indeed, the Supreme Court has clearly held that "divergences from the factual premises of 1973 have no bearing on the validity of *Roe*'s central holding, that viability marks the earliest point at which the State's interest in fetal life is constitutionally adequate to justify a legislative ban on nontherapeutic abortions." *Casey*, 505 U.S. 860. The Supreme Court has repeatedly held that even if a party purports to base its claims on new

---

[3] Although the testimony that Defendants seek to develop is immaterial, Plaintiffs strongly disagree with these proposed "facts" and do not waive their right to contest them should Defendants place them in the record.

6

facts or theories, if a precedent of the Supreme Court has direct application in a case, lower courts should follow the case which directly controls "leaving to [the Supreme] Court the prerogative of overruling its own decisions." *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)); *U.S. v. Danielczyk*, 683 F.3d 611, 615, 619 (4th Cir. 2012). Thus, Defendants' assertion that this Court should consider evidence that is not material to the sole claim before the Court is foreclosed.

Finally, the Court should deny Defendants' motion because Defendants have had more than enough time to produce a medical declaration concerning viability. Importantly, Defendants are not seeking more time to obtain evidence that is in Plaintiffs' control on this issue; instead, they are seeking more time to work with their *own* medical experts. But as counsel for Defendants states in his own affidavit, he already has had more than 60 days since accepting service to prepare a declaration on the only material point at issue in this case. Defs.' Mot Expedited Disc. ¶ 4. There is simply no reason that Defendants should require nearly five months to provide a medical declaration on the single issue of viability.

## II.  Plaintiffs Have Established Standing Under Binding Precedent

Defendants' suggestion that Plaintiffs have failed to establish standing is misplaced. There is nothing speculative about the ban's impact on Plaintiffs' patients.[4] Plaintiffs have

---

[4] Though not necessary to establish standing, as the abortion reporting forms Plaintiffs have provided to Defendant Department of Health will reflect, abortion services after twenty weeks have previously been provided.

averred in their sworn declarations that some of their patients need abortion services after twenty weeks of pregnancy, that they have turned patients away as a result of the ban, and but for the ban, that they would provide these services to their patients.[5]  Decl. Bryant Supp. Pls.' Mot. Summ. J. Ex. 1 (Bryant Decl.), ECF No. 13-1 ¶¶ 14, 18, 19; Decl. Black Supp. Pls.' Mot. Summ. J. Ex. 2 (Black Decl.), ECF No. 13-2 ¶¶ 6-7; Decl. Gray Supp. Pls.' Mot. Summ. J. Ex. 3 (Gray Decl.), ECF No. 13-3 ¶¶ 7, 9, 10.

As a matter of law, Plaintiffs have therefore made a sufficient showing to establish standing.  *See Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) (standing is satisfied where a plaintiff "has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder"); *accord Singleton v. Wulff*, 428 U.S. 106, 117 (1976) (plurality opinion) (holding that Plaintiffs' affidavits stating that abortion statute prevented them from providing abortions were sufficient to establish standing).  Indeed, in its recent decision in *Isaacson,* the Ninth Circuit recognized the standing of Plaintiffs to challenge a virtually identical ban on abortion at twenty weeks where the Plaintiffs alleged that if the ban were not in place, they would perform previability abortions on patients at or after twenty weeks gestation.  *Isaacson*, 716 F.3d at 1221.  The court specifically noted that "[w]hether the Physicians continue to perform pre-

---

[5] As Defendants concede, Plaintiffs' declarations demonstrate that "they have turned away patients who wanted abortions and who were past the 20-week pregnancy point because of the 20-week limitation" and that "the statutory limitation currently forces them to do this." Defs.' Mot. Expedited Disc. ¶ 30.

8

viability abortions past twenty weeks and risk prosecution under the statute or desist from performing them to avoid penalties, their liberty is concretely affected." *Id.* (citing *Planned Parenthood of Idaho, Inc. v. Wasden,* 376 F.3d 908, 916–17 (9th Cir. 2004)).

Because Plaintiffs plainly have standing as a matter of settled law,[6] Defendants' proposed discovery requests concerning standing are nothing more than a fishing expedition. Counsel for Defendants asserts that his "informal discovery and fact-gathering" leads him to believe that no post-20 week abortions have been reported in 2016, suggesting that Plaintiffs should therefore be required to provide information about abortions performed from 2014–2016. Defs.' Mot Expedited Disc. ¶ 30. But it should come as no surprise that no post-20-week abortions have been reported in 2016, given that the current version of the 20-week ban went into effect on January 1, 2016, forcing Plaintiffs to deny such abortions to their patients. That the ban forces Plaintiffs to change their conduct and deny needed medical services to their patients is one of the very facts that establishes their standing to challenge the ban.

Additionally, there is no need for Defendants to conduct discovery on abortions performed by Plaintiffs in 2014–2015 because one of the Defendants, the Department of

---

[6] Defendants mischaracterize the Supreme Court's opinion in *Gonzales v. Carhart*. *Gonzales* dealt with a ban on one *method* of abortion used in a minority of cases. *Gonzales v. Carhart*, 550 U.S. 124, 134, 167–68 (2007). By contrast, the 20-week ban is a total prohibition on *all* abortions after the twentieth week of pregnancy. *See Isaascson*, 716 F.3d at 1227. Moreover, the *Gonzales* Court was clear that the constitutionality of the method ban was dependent upon the continued availability of the most common method of second-trimester abortion. *Gonzales*, 550 U.S. at 164.

Health, already has that information. Under state law, Plaintiffs are required to report the abortions they perform to the Department of Health. *See* N.C. Gen. Stat. § 14-45.1(b1)–(c) Ex. 3 to Compl. for Injunctive & Declaratory Relief, ECF No. 1-3; *see also* Exhibit 1.[7]

Defendants have provided no good faith basis for calling into doubt Plaintiffs' standing to challenge the ban, which has forced them to turn away patients who need abortion services that Plaintiffs stand ready and willing to provide. In short, there is simply no reason to permit Defendants to conduct discovery on standing.

## CONCLUSION

The 20-week ban must be struck down under controlling Supreme Court precedent. Defendants do not and cannot propose to provide this Court with any evidence that would alter the conclusion that North Carolina's 20-week ban is an unconstitutional previability ban. For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' motion.

RESPECTFULLY SUBMITTED this 9th day of February, 2017.

*/s/ Genevieve Scott*

Christopher Brook, NC Bar #33838
ACLU of North Carolina
P. O. Box 28004
Raleigh, NC 27611-8004
(919) 834-3466

---

[7] Further, any information sought by Defendants not contained in the reporting forms has no legal relevance. Rule 26(b)(1) restricts the scope of discovery to material "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

10

cbrook@acluofnc.org
COUNSEL FOR PLAINTIFFS

Genevieve Scott*
Julie Rikelman*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
(917) 637-3666 Fax
gscott@reprorights.org
jrikelman@reprorights.org
COUNSEL FOR AMY BRYANT, M.D., M.S.C.R.

Andrew Beck*
American Civil Liberties Union Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
COUNSEL FOR BEVERLY GRAY, M.D., AND ELIZABETH DEANS, M.D.

Carrie Y. Flaxman*
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
(202) 973-4830
carrie.flaxman@ppfa.org

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William Street, 9th Fl.
New York, NY 10038
(212) 261-4405
mai.ratakonda@ppfa.org
COUNSEL FOR PLANNED PARENTHOOD SOUTH ATLANTIC


*By Special Appearance


11

Case 1:16-cv-01368-WO-LPA   Document 27   Filed 02/09/17   Page 15 of 16

cbrook@acluofnc.org
COUNSEL FOR PLAINTIFFS

Genevieve Scott*
Julie Rikelman*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
(917) 637-3666 Fax
gscott@reprorights.org
jrikelman@reprorights.org
COUNSEL FOR AMY BRYANT, M.D., M.S.C.R.

Andrew Beck*
American Civil Liberties Union Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
COUNSEL FOR BEVERLY GRAY, M.D., AND ELIZABETH DEANS, M.D.

Carrie Y. Flaxman*
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
(202) 973-4830
carrie.flaxman@ppfa.org

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William Street, 9th Fl.
New York, NY 10038
(212) 261-4405
mai.ratakonda@ppfa.org
COUNSEL FOR PLANNED PARENTHOOD SOUTH ATLANTIC


*By Special Appearance

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2017, I electronically filed the foregoing Response to Verified Motion of Defendants' for an Order Deferring Any Further Briefing On And Postponing Any Hearing or Decision on Plaintiffs' Motion for Summary Judgement Until Defendants Have Had an Opportunity to Conduct Limited, Expedited Discover And To Gather Documents & Evidence Necessary to Allow Them to Respond to Plaintiffs' Summary Judgment Motion with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have appeared in the case.

*/s/ Genevieve Scott*
Genevieve Scott*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
(917) 637-3666 Fax
gscott@reprorights.org