IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMY BRYANT, M.D., BEVERLY GRAY, )
M.D., ELIZABETH DEANS, M.D., )
and PLANNED PARENTHOOD SOUTH )
ATLANTIC, )
 )
        Plaintiffs, )
 )
  v. ) 1:16CV1368
 )
JIM WOODALL, ROGER ECHOLS,[1] )
ELEANOR E. GREENE, and RICK )
BRAJER,[2] each in their official )
capacity, )
 )
        Defendants. )

**ORDER**

This court, in its Memorandum Opinion and Order dated March 25, 2019, granted Plaintiffs' Second Motion for Summary

---

[1] Satana Deberry has replaced Roger Echols as the District Attorney for Durham County. Pursuant to Fed. R. Civ. P. 25(d), Ms. Deberry is automatically substituted as a party defendant for all claims asserted against Mr. Echols in his official capacity as former District Attorney. North Carolina has also reorganized its prosecutorial districts since this case was filed. See N.C. Gen. Stat. § 7A-60(a)(1). Ms. Deberry is the District Attorney for PD 16 (Durham County) and Mr. Woodall is the District Attorney for PD 18 (Orange and Chatham counties).

[2] Effective January 13, 2017, Mandy K. Cohen, MD, MPH, was appointed as the Secretary of the North Carolina Department of Health and Human Services. Secretary Cohen is the successor to former Secretary Rick Brajer. Pursuant to Fed. R. Civ. P. 25(d), Secretary Cohen is automatically substituted as a party defendant for all claims asserted against Rick Brajer in his official capacity as former Secretary of the North Carolina Department of Health and Human Services.

Judgment, enjoined the enforcement of N.C. Gen. Stat. § 14-45.1(a) "only to the extent that N.C. Gen. Stat. § 14-45.1(a) prohibits any pre-viability abortions," and stayed its order for sixty days. (Doc. 84 at 48.)

Plaintiffs have now submitted a motion for clarification, in which "Plaintiffs respectfully request that the Court clarify that it is enjoining Defendants from enforcing all four statutes [N.C. Gen. Stat. §§ 14-44, 14-45, 14-45.1(a), and 14-45.1(b)] as applied to previability abortion." (Doc. 87 at 2.) N.C. Gen. Stat. §§ 14-44 and 14-45 criminalize abortion generally, while N.C. Gen. Stat. § 14-45.1(a), in its current form, creates an exception for abortions performed prior to the twenty-week point of a pregnancy when certain conditions are met. N.C. Gen. Stat. § 14-45.1(b) contains a "medical emergency" exception that applies after twenty weeks.

Section 14.45-1(b) does not, by itself, ban any abortions. While this statutory provision is certainly relevant to a woman's ability to obtain an abortion after the point specified in § 14-45.1(a), Plaintiffs have not directly challenged § 14-45.1(b) in this case nor have they explained why § 14-45.1(b) must be enjoined <u>to any extent</u> to achieve the intent of this court's prior order. Rather, enjoining § 14-45.1(b) as applied to pre-viability abortions (as Plaintiffs seem to request) would

actually narrow the timeframe in which that specific exception applies. To the extent that Plaintiffs' motion for clarification is a request for different or broader relief than that granted in this court's prior order, the motion will be denied. This court declines to include N.C. Gen. Stat. § 14-45.1(b) within the scope of its order. See, e.g., Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 328–32 (2006) ("We prefer . . . to enjoin only the unconstitutional applications of a statute while leaving other applications in force, or to sever its problematic portions while leaving the remainder intact.") (internal citations omitted).

Sections 14-44 and 14-45 operate, in conjunction with § 14-45.1(a), to ban abortion after a set point in a pregnancy. This court assumed that Plaintiffs were capable of concluding that the prior order reached §§ 14-44 and 14-45, in addition to § 14-45.1(a). Because § 14-45.1(a) itself begins with the phrase "[n]otwithstanding any of the provisions of G.S. 14-44 and 14-45 . . .", modifying § 14-45.1(a) to cover all pre-viability abortions also presumptively prevents the application of §§ 14-44 and 14-45 to those specific situations. Further, in light of the fact that Plaintiffs did not directly challenge § 14-45.1(b), this court sees no reason why clarification is needed regarding that provision.

Nevertheless, this court will modify its earlier order to read as follows:

> **IT IS FURTHER ORDERED** that N.C. Gen. Stat. § 14-45.1(a) is hereby declared unconstitutional and the enforcement of N.C. Gen. Stat. §§ 14-45.1(a), 14-44 and 14-45 is **ENJOINED** only to the extent that N.C. Gen. Stat. § 14-45.1(a), in conjunction with §§ 14-44 and 14-45, prohibits any pre-viability abortions. For purposes of this order, the word "viability" shall be defined by reference to Supreme Court precedent. See Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 870 (1992) ("[T]he concept of viability, as we noted in Roe, is the time at which there is a realistic possibility of maintaining and nourishing a life outside the womb . . . .").

This paragraph shall replace the paragraph that begins on line 10 of page 48 of the prior Memorandum Opinion and Order, (Doc. 84). The sixty-day stay imposed by the prior order will expire on May 24, 2019. At that time, this court will enter a judgment for Plaintiffs implementing its order, as amended herein.

In light of the modifications to the prior order explained above, **IT IS THEREFORE ORDERED** that Plaintiffs' motion for clarification, (Doc. 86), is **DENIED AS MOOT.**

This the 23rd day of May, 2019.

_____
United States District Judge