IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMY BRYANT, M.D., BEVERLY GRAY,      )
M.D., ELIZABETH DEANS, M.D.,         )
and PLANNED PARENTHOOD SOUTH         )
ATLANTIC,                            )
                                     )
              Plaintiffs,            )
                                     )
    v.                               )        1:16CV1368
                                     )
JIM WOODALL, SATANA DEBERRY,         )
ELEANOR E. GREENE, and               )
DR. MANDY K. COHEN, each in          )
their official capacity,             )
                                     )
              Defendants.            )

## ORDER

On May 24, 2019, this court entered judgment in favor of
Plaintiffs declaring N.C. Gen. Stat. § 14-45.1(a)
unconstitutional and, further, enjoining enforcement of N.C.
Gen. Stat. §§ 14-45.1(a), 14-44, and 14-45 by Defendants to the
extent those statutes prohibit pre-viability abortions.
(Doc. 91.) This court's analysis was based upon Supreme Court
precedent, including Planned Parenthood of Southeastern
Pennsylvania v. Casey, 505 U.S. 833 (1992). (See, e.g.,
Doc. 91.) It appears to this court that injunctive relief is
still in full force and effect. As the parties are likely aware,
the Supreme Court has decided Dobbs v. Jackson Women's Health
Organization, ___ U.S. ___, ___ S.Ct. ___, 2022 WL 2276808 (June

24, 2022). In <u>Dobbs</u>, the Court held that "[t]he Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion. <u>Roe</u> and <u>Casey</u> arrogated that authority. We now overrule those decisions and return that authority to the people and their elected representatives." <u>Id.</u> at *43. In light of that holding, it appears the injunctive relief granted in this case may now be contrary to law. As a result, this court finds the parties should be required to submit briefs setting forth their respective positions on whether the injunction retains any legal force and effect, and whether this court should enter an order pursuant to, <u>inter alia</u>, Federal Rule of Civil Procedure 60(b)(5). Should the parties elect to not file briefs in response to this Order, this court will <u>sua sponte</u> determine an appropriate course of action.

    **IT IS THEREFORE ORDERED** that within thirty days of the entry of this Order, the parties shall submit briefs, no more than 4,000 words in length, addressing the issues described herein. No responses or replies shall be permitted, except upon further order of this court.

    This the 8th day of July, 2022.

_____
United States District Judge

- 2 -