## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMY BRYANT, M.D., M.S.C.R.; BEVERLY GRAY, M.D.; ELIZABETH DEANS, M.D., on behalf of themselves and their patients seeking abortions; and PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its staff, and its patients seeking abortions, | ) ) ) ) ) ) ) | CIVIL ACTION<br><br>Case No. 1:16-CV-01368 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JIM WOODALL, in his official capacity as District Attorney ("DA") for Prosecutorial District ("PD") 15B; ROGER ECHOLS, in his official capacity as DA for PD 14; ELEANOR E. GREENE, M.D., M.P.H, in her official capacity as President of the North Carolina Medical Board; RICK BRAJER, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; and their employees, agents, and successors, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' BRIEF IN RESPONSE TO THE COURT'S JULY 8, 2022 ORDER OPPOSING RELIEF PURSUANT TO FED. R. CIV. P. 60(b)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................. 2

ARGUMENT ...................................................................................................................... 3

I.  THE MAY 24, 2019, INJUNCTION REMAINS IN FULL FORCE AND
    EFFECT FOLLOWING DOBBS ............................................................................ 4

II. THE COURT MAY NOT DISTURB THE JUDGMENT SUA SPONTE
    UNDER THE PLAIN LANGUAGE OF RULE 60(b) ............................................. 4

    A.  The plain text of Rule 60(b) requires a motion ............................................. 5

    B.  The Court should join the Circuits following the plain text of Rule
        60(b) ............................................................................................................... 5

III. ANY HYPOTHETICAL RULE 60(b) MOTION WOULD FAIL UNDER
     FOURTH CIRCUIT LAW ....................................................................................... 7

    A.  The threshold requirements of Rule 60(b) cannot be met ............................. 8

    B.  Defendants would not be entitled to relief under any enumerated part
        of Rule 60(b) ................................................................................................. 10

IV. INTERVENTION IS NOT APPROPRIATE AT THIS TIME ............................... 13

V.  CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackermann v. United States,*
   340 U.S. 193 (1950).................................................................................8

*Agostini v. Felton,*
   521 U.S. 203 (1997)...........................................................................11, 12

*Aikens v. Ingram,*
   652 F.3d 496 (4th Cir. 2011) .................................................................8, 9

*Amr v. Att'y Gen. of Virginia,*
   No. 3:11CV423, 2013 WL 1499066 (E.D. Va. Feb. 25, 2013) ....................3

*Bryant v. Woodall,*
   1 F.4th 280 (4th Cir. 2021) .......................................................................3

*Bryant v. Woodall,*
   363 F. Supp. 3d 611 (M.D.N.C. 2019) ...................................................3, 9

*Dobbs v. Jackson Women's Health Organization,*
   597 U.S. __, 2022 WL 2276808 (June 24, 2022). ..............................*passim*

*Dow v. Baird,*
   389 F.2d 882 (10th Cir. 1968) ..................................................................6

*Horne v. Flores,*
   557 U.S. 433 (2009)...............................................................7, 10, 11, 12

*Jacobs v. United States,*
   298 F.2d 469 (4th Cir. 1961) ...........................................................6, 7, 13

*L.J. v. Wilbon,*
   633 F.3d 297 (4th Cir. 2011) ....................................................................8

*Lowery v. United States,*
   No. 3:05-CR-216-RJC-2, 2018 WL 4600301 (W.D.N.C. Sept. 25, 2018).................12

*Nat'l Credit Union Admin. Bd. v. Gray,*
   1 F.3d 262 (4th Cir. 1993) ......................................................................12

*Nat'l Org. for Women v. Operation Rescue,*
   47 F.3d 667 (4th Cir. 1995) ......................................................................... 4

*Peck v. United States Dep't of Labor, Admin. Review Bd.,*
   996 F.3d 224 (4th Cir. 2021) ....................................................................... 5

*Planned Parenthood of Se. Pennsylvania v. Casey,*
   505 U.S. 833 (1992) ..................................................................................... 2

*Roe v. Wade,*
   410 U.S. 113 (1973) ..................................................................................... 2

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.,*
   490 U.S. 477 (1989) ..................................................................................... 4

*Rufo v. Inmates of Suffolk Cnty. Jail,*
   502 U.S. 367 (1992) ..................................................................................... 7

*Soliman v. Gonzales,*
   419 F.3d 276 (4th Cir. 2005) ....................................................................... 5

*Sys. Fed'n No. 91, Ry. Emps. Dep't, AFL-CIO v. Wright,*
   364 U.S. 642 (1961) ..................................................................................... 4

*United States v. Pauly,*
   321 F.3d 578 (6th Cir. 2003) ....................................................................... 5

*United States v. Welsh,*
   879 F.3d 530 (4th Cir. 2018) ....................................................................... 8

*United States v. Winestock,*
   340 F.3d 200 (4th Cir. 2003) .................................................................... 4, 7

*Van Cannon v. United States,*
   890 F.3d 656 (7th Cir. 2018) ....................................................................... 6

*Weisman v. Charles E. Smith Mgmt., Inc.,*
   829 F.2d 511 (4th Cir. 1987) ....................................................................... 4

**Statutes**

N.C. Gen. Stat. § 14-44 ....................................................................................... 2

N.C. Gen. Stat. § 14-45 ....................................................................................... 2

N.C. Gen. Stat. § 14-45.1 .................................................................................... 2

N.C. Gen. Stat. § 14-45.1(b1) .................................................................... 9

N.C. Gen. Stat. § 14-45.1(c) ..................................................................... 9

N.C. Gen. Stat. § 90-21.81(5) ............................................................... 2, 9

## Other Authorities

Fed. R. Civ. P. 60 ................................................................................ 4, 5

Fed. R. Civ. P. 60(a) ........................................................................... 5, 6

Fed. R. Civ. P. 60(b) ....................................................................... *passim*

Fed. R. Civ. P. 60(b)(5) ......................................................... 1, 10, 11, 12

NOW COME Plaintiffs Amy Bryant, et al. ("Plaintiffs"), by and through undersigned counsel, who submit this brief in response to the Court's July 8, 2022 Order ("July 8 Order"). The July 8 Order sought the Parties' positions on the Court's May 24, 2019, injunction in light of the Supreme Court's recent decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. __, 2022 WL 2276808 (June 24, 2022). ("*Dobbs*"). *See* Dkt. No. 109. Neither party seeks to reopen the case, and a justiciable controversy no longer exists. The injunction should not be disturbed.

Under the plain text of Federal Rule of Civil Procedure 60(b), the court may relieve a party of an order only "on motion." Here, no motion has been filed. Relief from the 2019 injunction would thus be contrary to the Rule's text, and to the principles undergirding justiciability and separation of powers.

This Court first asks whether the injunction retains legal force and effect. Dkt. No. 109 at 2. The answer is yes. The issuance of the decision in *Dobbs* has no legal impact on the existing injunction in this case. An injunction continues until vacated or modified; neither has happened as of this date.

The Court also asks whether this Court should enter an order granting relief from the injunction pursuant to, *inter alia*, Federal Rule of Civil Procedure 60(b)(5). *Id*. The answer is no. No party intends to file a Rule 60(b) motion to lift the injunction, which is required to issue such relief under the plain text of that Rule. Nor would it be proper for the Court to grant relief from its own injunction *sua sponte*. While legislative amici

1

("Amici") have indicated their intent to file a Rule 60(b) motion, they are not parties in this case, and their intervention would be improper under Fourth Circuit law.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

In 2016, North Carolina amended its felony ban on abortion after the twentieth week of pregnancy, altering the health exception to permit access to abortion only under extraordinarily limited exceptions. *See* N.C. Gen. Stat. §§ 14-44, 14-45, 14-45.1. Under that law, no resident could lawfully obtain a previability abortion after the twentieth week of pregnancy absent a determination that an abortion was necessary to "avert her death or for which a delay will create serious risk of substantial and irreversible physical impairment of a major bodily function, not including any psychological or emotional conditions." N.C. Gen. Stat. § 90-21.81(5). This exception did not include circumstances of rape, incest, or fetal health conditions.

On June 24, 2022, the Supreme Court issued its decision in *Dobbs*, overturning *Roe* and *Casey*. *See Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833 (1992); *Roe v. Wade*, 410 U.S. 113 (1973). Defendants took no action following the *Dobbs* decision.

Following the Court's July 8 Order, the North Carolina Department of Justice ("DOJ"), on behalf of Defendants, announced on July 21, 2022, that it would not seek relief from the judgment and injunction.[1]

---

[1] *See* Official Statement of North Carolina Attorney General Josh Stein, July 21, 2022. https://ncdoj.gov/attorney-general-josh-stein-will-not-ask-court-to-limit-womens-freedom/

2

## ARGUMENT

*Dobbs* does not disturb the three-year-old judgment and injunction in this case. Neither Plaintiffs nor Defendants wish to disturb the injunction. With no motion from the parties forthcoming, the Court should not issue relief under Rule 60(b) because the plain text of the rule provides that relief from the judgment is initiated only "on motion and just terms." These circumstances dispose of the Court's question whether the injunction should stand.

Even were Defendants inclined to seek relief from the injunction now, they would not be entitled to do so under Fourth Circuit law. Defendants' appeal of this Court's decision in *Bryant v. Woodall*, 363 F. Supp. 3d 611 (M.D.N.C. 2019) ("*Bryant I*") did not preserve their arguments because they only appealed on standing, not the merits. Defendants also chose not to appeal the Fourth Circuit's decision in *Bryant v. Woodall*, 1 F.4th 280 (4th Cir. 2021) ("*Bryant II*"), and almost a full year has passed since appeals have been exhausted. Even if a motion under Rule 60(b) could properly substitute a timely appeal (it cannot), the "extraordinary remedy" of Rule 60(b) relief is unwarranted here, where there is consensus among all parties that the injunction should be maintained.

Granting relief now from a settled judgment would unfairly prejudice Plaintiffs and their patients, and no exceptional circumstances warrant Rule 60(b) relief—as opposed to any other route open to Defendants. *See Amr v. Att'y Gen. of Virginia*, No. 3:11CV423, 2013 WL 1499066, at *4 (E.D. Va. Feb. 25, 2013). The Court should preserve the finality of its judgment.

3

# I. THE MAY 24, 2019 INJUNCTION REMAINS IN FULL FORCE AND EFFECT FOLLOWING *DOBBS*

The power to set aside an injunction based on changed circumstances of fact or law is committed to the discretion of the trial court that issued it. *See* Fed. R. Civ. P. 60; *Sys. Fed'n No. 91, Ry. Emps. Dep't, AFL-CIO v. Wright,* 364 U.S. 642, 647 (1961); *Weisman v. Charles E. Smith Mgmt., Inc.*, 829 F.2d 511, 513–14 (4th Cir. 1987). Unless the court acts on a specific judgment or order, however, a subsequent change in law ***in another case*** does not affect any earlier rulings; they remain in full force and effect until modified or vacated by the presiding court. *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 668–70 (4th Cir. 1995) (refusing to vacate judgment after "underpinning" decision in a different case was reversed by the Supreme Court); *see also Rodriguez de Quijas v. Shearson/Am. Express, Inc.,* 490 U.S. 477, 485 (1989) ("The general rule of long standing is that the law announced in the Court's decision controls the case at bar."). The May 24, 2019 injunction in this case therefore remains in effect.

# II. THE COURT MAY NOT DISTURB THE JUDGMENT *SUA SPONTE* UNDER THE PLAIN LANGUAGE OF RULE 60(B)

Absent a party's motion, this Court cannot re-open this case and vacate the judgment or injunction. "The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent." *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003) (citations omitted). The plain text of Rule 60(b) is clear: "***On motion*** and just terms, the court may relieve ***a party*** . . . from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b) (emphasis added).

4

### A. The plain text of Rule 60(b) requires a motion.

Rule 60(b) relief may be invoked only upon a party's "motion," as it explicitly offers relief only to a party or that party's representative. Fed. R. Civ. P. 60(b). This plain meaning is reinforced by contrasting the text of neighboring subsection Rule 60(a), which provides that the court may correct a clerical mistake "on motion *or on its own*" "whenever one is found." Where the drafter "has utilized distinct terms within the same statute, the applicable canons of statutory construction require that we endeavor to give different meanings to those different terms." *Peck v. United States Dep't of Labor, Admin. Review Bd.*, 996 F.3d 224, 231 (4th Cir. 2021) (citing *Soliman v. Gonzales*, 419 F.3d 276, 293 (4th Cir. 2005)). Under this different-terms canon, that Rule 60 allows the Court to correct clerical mistakes "on motion or on its own" "whenever one is found" but limits relief from judgments and orders to "a party or its legal representative" and "on motion and just terms" confirms that the two subsections have different meanings. The Court thus is not empowered to grant Rule 60(b) relief without a party's motion.

Because the text of Rule 60(b) requires a party's motion and no party intends to file one, the injunction should be left intact.

### B. The Court should join the Circuits following the plain text of Rule 60(b).

While circuits split on this issue, the courts applying the plain text of the Rule have correctly held that district courts may not grant 60(b) relief without a motion from an aggrieved party. The Sixth and Tenth Circuits expressly follow Rule 60(b)'s text and accordingly hold that Rule 60(b) relief cannot be granted *sua sponte*. *See, e.g.*, *United*

5

*States v. Pauly*, 321 F.3d 578, 581 (6th Cir. 2003) ("[B]ecause Rule 60(b) explicitly requires relief under the rule to occur 'on motion,' courts may not grant such relief except upon 'a motion from the affected party.'"); *Dow v. Baird*, 389 F.2d 882, 884 (10th Cir. 1968) ("[T]he only errors in a judgment which a district court may correct of its own initiative are those sanctioned by Rule 60(a)."). Indeed, in noting the circuit split on this issue, the Seventh Circuit recently indicated concern that its previous holdings "summarily" condoning *sua sponte* Rule 60(b) relief were in tension with the Rule's text. *See Van Cannon v. United States*, 890 F.3d 656, 661 (7th Cir. 2018) (comparing text of Rule 60(a) and (b)).

Amici point to the only time the Fourth Circuit has commented on whether Rule 60(b) requires a party's motion, in 60-year-old dicta. In *Jacobs*, the Fourth Circuit affirmed the trial court's grant of Rule 60(b) relief in response to motions to modify the judgment that were filed by both original parties in the case as well as one of the parties' attorneys as an intervenor. The *Jacobs* court observed in passing that Rule 60(b) "need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *Jacobs v. United States*, 298 F.2d 469, 472 (4th Cir. 1961). But because the parties *did* file motions to modify the judgment, this observation is *dicta*. Indeed, the court repeatedly found it a significant procedural fact supporting the holding that *both* parties in the case had filed motions to modify the judgment, explaining at length: "each [party] . . . filed motions seeking modification of the judgment . . . Since both of the

original parties were seeking modification of the judgment, surely the court was not restricted to the particular modifications suggested by the motions of the two original parties . . . **when the matter has been brought before the court by proper motions by the parties** . . . ." *Jacobs*, 298 F.2d at 472–73 (emphasis added). Given the actual holding of *Jacobs*, the *dicta* upon which Amici rely is not binding law, particularly where the plain language for Rule 60(b) provides otherwise. And in any event, this case is the polar opposite of *Jacobs*, as no party has moved or intends to move for relief.

Moreover, post-*Jacobs*, the Supreme Court has made clear that **a party** bears the burden of establishing its entitlement to Rule 60(b) relief. *See Horne v. Flores*, 557 U.S. 433, 447 (2009) ("The party seeking relief bears the burden of establishing that changed circumstances warrant relief."); *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992). Here, no party has even attempted to meet that burden.[2] Rule 60(b) relief would be improper.

## III. ANY HYPOTHETICAL RULE 60(B) MOTION WOULD FAIL UNDER FOURTH CIRCUIT LAW

Even were a Rule 60(b) motion to be filed, it would fail. "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstance." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Again, this burden falls

---

[2] Because Rule 60(b) "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, *which the rule abolishes*," *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003) (emphasis added), Amici's arguments concerning the Court's inherent powers are simply inapposite.

on the party seeking relief. *Horne*, 557 U.S. at 447. After meeting that threshold showing, the movant would then have to show that one of six enumerated grounds for Rule 60(b) relief is satisfied. *Id.*; *see also Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993). Defendants would be unable to show they are entitled to Rule 60(b) relief here at either stage, particularly given their prior decision not to appeal the judgment and injunction on the merits. *See United States v. Welsh*, 879 F.3d 530, 537 (4th Cir. 2018); *L.J. v. Wilbon*, 633 F.3d 297, 305 (4th Cir. 2011).

### A. The threshold requirements of Rule 60(b) cannot be met.

Any Rule 60(b) motion would fail at the outset not least because movants would be unable to show exceptional circumstances warranting extraordinary relief, and because of the substantial prejudice it would cause Plaintiffs and their patients.[3]

First, the State cannot show exceptional circumstances because it voluntarily abandoned its appeal rights. In the Fourth Circuit, Rule 60(b) relief is unavailable following a "voluntary, deliberate, free, [and] untrammeled choice" not to appeal an original judgment. *Dowell*, 993 F.2d at 48 (quoting *Ackermann v. United States*, 340 U.S. 193, 200 (1950); *see also Aikens v. Ingram*, 652 F.3d 496, 502 (4th Cir. 2011) (noting "this court has consistently held" that no extraordinary circumstances exist where petitioner chose not to appeal). Here, any Rule 60(b) motion would come nearly three years after this Court first entered the injunction and after Defendants' voluntary decision to not appeal the injunction. Specifically, Defendants did not appeal on the merits at their first opportunity,

---

[3] Because a motion has not been filed, Plaintiffs cannot presently offer a view on timeliness.

8

did not appeal the Fourth Circuit's decision to the Supreme Court at their second opportunity, and have disavowed further action in this case following the decision in *Dobbs*. There can thus be no exceptional circumstance warranting Rule 60(b) relief. *See Aikens*, 652 F.3d at 502.

Second, Plaintiffs and their patients would suffer substantial prejudice were the injunction lifted. Currently, the injunction preserves Plaintiffs' ability to provide critical healthcare services to North Carolina residents without fear of criminal prosecution. *Bryant I*, 363 F. Supp. 3d at 632. Lifting the injunction would create apprehension and uncertainty among providers about what kind of patient care they can legally provide in North Carolina without risk of criminal liability, especially under the extraordinarily narrow emergency exception—uncertainty that risks significant adverse outcomes for pregnant North Carolinians. Reinstating the 20-week ban would criminalize the provision of medical care to people suffering miscarriages and to victims of rape and incest; it would threaten the lives of those who will experience grave physical and mental pain and suffering if forced to carry a pregnancy and to give birth.

None of this is hyperbole. The sole statutory exception for medical emergencies is worded vaguely, and physicians' judgment about whether and when an abortion is warranted will be inescapably skewed or chilled by their concern that their medical judgment will be second-guessed by the State.[4] For example, physicians may be chilled

---

[4] *See* N.C. Gen. Stat. § 14-45.1(b1) ("A qualified physician who advises, procures, or causes a miscarriage or abortion after the twentieth week of a woman's pregnancy shall

from providing critical care to patients suffering from miscarriage where fetal demise has not yet occurred. Fear of prosecution would also interfere with medical judgment in emergency cases, inevitably leading to harm to at least a subset of pregnant people due to caution surrounding criminal liability. Despite Defendants' pronouncement that the DOJ is committed to preserving "women's ability to make their own reproductive health care decisions," lifting the injunction risks uneven enforcement from individual prosecutors within North Carolina. This lack of clarity about whether and when an abortion is medically necessary, the unfair and disparate application of the law, and ultimately the grave—and potentially fatal—harm to pregnant people all give rise to severe prejudice to Plaintiffs that militates against allowing a Rule 60(b) motion.

The threshold requirements necessary for consideration of the Rule 60(b) motion cannot be met.

### B. Defendants would not be entitled to relief under any enumerated part of Rule 60(b).

Rule 60(b)(5) is the only enumerated ground that could arguably apply here: if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

Of the three Rule 60(b)(5) clauses, only the third—where applying the judgment prospectively would be inequitable—is even conceivably relevant here. And it does not

---

record the findings and analysis on which the qualified physician based the determination that there existed a medical emergency as defined by G.S. 90-21.81(5) and shall provide that information to the Department of Health and Human Services pursuant to G.S. 14-45.1(c)").

apply for the simple reason that Defendants do not seek to lift the injunction and have not satisfied their burden to show why it should be lifted. *Cf. Horne*, 557 U.S. at 447. To the contrary, Defendants have now represented that ***maintaining*** the injunction is in their interests and the interests of North Carolina residents who seek safe, legal abortions. *See supra* at 2 n.1. There is thus no basis for the Court to find that the changes in decisional law effectuated by *Dobbs* "warrant[] modification of the original order." *Horne*, 557 U.S. at 455; Fed. R. Civ. P. 60(b)(5).

Amici cite *Horne* and *Agostini v. Felton*, 521 U.S. 203, 239 (1997), in their argument that this Court may order relief from the injunction under Rule 60(b)(5). In both *Horne* and *Agostini*, the parties moved for Rule 60(b)(5) relief and made showings that the injunctions would have resulted in inequitable outcomes in light of the subsequent change in decisional law. The Supreme Court ruled only after finding the parties carried the requisite burden to warrant modification of the original orders. In *Agostini*, the erosion of the precedent underlying the original injunction meant that prospective application would result in a needless expenditure of millions of dollars to comply. 521 U.S. at 239. Similarly, in *Horne*, continued application of the injunction would have caused money to be diverted from worthwhile educational programs. 557 U.S. at 447–48. Thus, in both cases, the moving parties showed they would suffer unjustifiable, inequitable fiscal injury if the original injunction were prospectively applied.

This case is distinguishable. No party is arguing that continued application of the injunction in this case would result in an inequitable outcome or cost the State money. To

the contrary, Plaintiffs and Defendants agree that it would be inequitable if the injunction were modified or lifted, opening Plaintiffs and North Carolina residents up to criminal prosecution, government surveillance, and pain and suffering associated with forced pregnancy, unmet miscarriage management needs, and childbirth. At best, prospectively applying the injunction does not affect the equities; at worst, lifting the injunction would deter and deprive pregnant people of critical healthcare even absent a desire on the part of the State to deter or prosecute providers—a facially inequitable outcome. *See Lowery v. United States*, No. 3:05-CR-216-RJC-2, 2018 WL 4600301, at *3 (W.D.N.C. Sept. 25, 2018) (noting Rule 60(b) relief should be granted only to the extent "appropriate to accomplish justice" in "situations involving extraordinary circumstances"). Either way, and unlike *Horne* and *Agostini*, no party can point to an "equitable" outcome that would result from so-called relief from the injunction. There is therefore no basis for this Court to apply Rule 60(b)(5).[5]

Accordingly, the Court should decline to grant Rule 60(b) relief.[6]  However, given that the medical procedure required to perform certain abortions safely after the twentieth

---

[5] Amici claim that this case is similar to *Agostini* because the injunction was based entirely upon Supreme Court precedent that is no longer good law, but they ignore the actual text of Rule 60(b)(5) and fail to delineate what inequities would result analogous to the unjustifiable financial harm caused by prospective application of the injunction in *Agostini*. And unlike *Agostini*, Amici have a readily available remedy here—to take their concerns back to the halls of the General Assembly and, enact a new law following the proper legislative course.

[6] If the Court disagrees, Plaintiffs intend to relitigate the constitutionality of the ban and the amended and extremely limited emergency exception under the new constitutional

week of pregnancy is a two-day procedure, should the Court determine to stay or lift the injunction, Plaintiffs respectfully request at minimum 24 hours' notice because it is medically inadvisable for a patient to begin but then not complete the second day of the procedure.

## IV.    INTERVENTION IS NOT APPROPRIATE AT THIS TIME.

To the extent Amici's brief is intended to be read as an implied motion to intervene, this is improper, as well as untimely and unavailing on the merits. Indeed, had Amici disclosed they intended to seek intervention in their brief, Plaintiffs would not have consented to their amicus request.

As an Article III court, this Court must take care to avoid adjudicating questions where there is no active case or controversy. *See Jacobs* 298 F.2d at 472 (noting "more formal pleading in a new and independent action" as alternative to Rule 60(b) motion). Rule 60(b) expressly states that the court may grant relief only to "a party." Fed. R. Civ. P. 60(b). Amici are not party to this case. Moreover, Amici would need to show they are entitled to intervention, but they have not attempted to do so. Amici are required to file a motion to intervene, and, following any such motion, Plaintiffs would be entitled to respond in opposition on numerous bases, including, but not limited to, the untimely nature of the motion.

---

standard. Plaintiffs also intend to amend the Complaint to further address shortcomings in the statute's medical emergency exception. Plaintiffs respectfully request that, if the Court lifts the injunction, it give Plaintiffs leave to amend its complaint to raise additional claims.

## V. CONCLUSION

The Court should not vacate or modify the May 24, 2019, injunction in this case.

RESPECTFULLY SUBMITTED this 8th day of August 2022.


*/s/ Genevieve Scott*

Genevieve Scott*
Caroline Sacerdote*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
gscott@reprorights.org
csacerdote@reprorights.org
COUNSEL FOR AMY BRYANT, M.D.,
M.S.C.R.

Andrew Beck*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
COUNSEL FOR BEVERLY GRAY,
M.D., AND ELIZABETH DEANS, M.D.

Carrie Y. Flaxman*
Planned Parenthood Federation of
America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
(202) 973-4830
carrie.flaxman@ppfa.org
COUNSEL FOR PLANNED
PARENTHOOD SOUTH ATLANTIC

Kristi L. Graunke
N.C. Bar No. 51216
Jaclyn A. Maffetore
N.C. Bar No. 50849
ACLU of North Carolina Legal
Foundation
P.O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466
Fax: 919-869-2075
kgraunke@acluofnc.org
jmaffetore@acluofnc.org

COUNSEL FOR PLAINTIFFS

*By Special Appearance

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3, I hereby certify that the foregoing Brief In Response to

The Court's July 8, 2022 Order contains 3,331 words.

*/s/ Genevieve Scott*
Genevieve Scott*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
gscott@reprorights.org

15

## CERTIFICATE OF SERVICE

I hereby certify that on the August 8, 2022, I electronically filed the foregoing Memorandum of Law Regarding Relief from Judgment Under Rule 60(b) with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have appeared in the case.

*/s/ Genevieve Scott*
Genevieve Scott*
Center for Reproductive Rights
199 Water Street, 22nd Fl.
New York, NY 10038
(917) 637-3605
gscott@reprorights.org

16