IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMY BRYANT, M.D., M.S.C.R.; BEVERLY GRAY, M.D., ELIZABETH DEANS, M.D., on behalf of themselves and their patients seeking abortions; and PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its staff and its patients seeking abortions,<br><br>      Plaintiffs,<br><br>v.<br><br>JIM WOODALL, in his official capacity as District Attorney ("DA") for Prosecutorial District ("PD") 15B; SATANA DEBERRY, in her official capacity as DA for PD 14; and KODY KINSLEY, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; and their employees, agents, and successors,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:16-cv-01368 |

**DEFENDANTS' BRIEF PURSUANT TO ORDER OF THE COURT**

**INTRODUCTION**

On July 8, 2022, this Court requested briefing on whether the Court "should enter an order pursuant to, *inter alia*, Federal Rule of Civil Procedure 60(b)(5)" concerning the injunction entered in this case. Doc. 109 at 2.

Defendants do not seek modification or lifting of the injunction at the present time. As previously explained in this litigation, the district-attorney defendants do not presently intend to bring criminal charges based on violations of the statute at issue regardless of whether an injunction is in place that prevents such prosecutions. Thus, there is no indication that modifying or lifting the injunction would have any effect on the statute's enforcement.[1]

Given this reality, the risk that modifying or lifting the injunction would worsen public confusion in the immediate aftermath of the Supreme Court's recent disruption of decades of settled law counsels in favor of maintaining the status quo. The Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization,* No. 19-1392 (U.S.) reversed nearly fifty years of settled Supreme Court precedent regarding the existence of an individual constitutional right

---

[1] On January 1, 2022, Kody Kinsley was appointed as the Secretary of the North Carolina Department of Health and Human Services. Pursuant to Fed. R. Civ. P. 25(d), Secretary Kinsley is automatically substituted as a party defendant for all claims asserted against Secretary Cohen in her official capacity as former Secretary of the North Carolina Department of Health and Human Services.

1

to pre-viability abortion. Since *Dobbs*, other states have acted rapidly to severely restrict or eliminate access to abortion services. Lifting or modifying the injunction in these circumstances would likely further confuse the public about the legality and availability of abortion services in North Carolina, and the risk of criminal prosecution to themselves and their healthcare providers.

For these reasons, and because no defendant with direct enforcement authority intends to take any action that would be affected by any action by this Court, Defendants are not now seeking lifting or modification of the injunction.

## BACKGROUND

On March 25, 2019, this Court enjoined the enforcement of section 14-45.1(a) of the North Carolina General Statutes to the extent that the statute prohibits pre-viability abortions. Doc. 84 at 47. The Court's injunction was principally based on the Supreme Court's decades-old opinions in *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 846 (1992), which prohibited abortion restrictions pre-viability. Because the North Carolina statute at issue purported to criminalize all non-emergency abortions performed after 20 weeks, this Court held that the statute operated as a total ban pre-viability and was therefore unconstitutional. To bring North Carolina's statutes into compliance with

then-settled federal constitutional law, this Court enjoined the statute's enforcement pre-viability. Doc. 84 at 47.

Just six weeks ago, the Supreme Court overruled *Roe* and *Casey* in *Dobbs v. Jackson Women's Health Organization.*, No. 19-1392 (U.S.). In *Dobbs*, the Supreme Court held that the previously well-established individual right to pre-viability abortion is no longer protected by any federal constitutional provision, including the Due Process Clause of the Fourteenth Amendment. As a result, the Court held that the decades-old rulings in *Roe* and *Casey* "must be overruled." Slip op. at 5.

On July 8, 2022, this Court requested briefing, by August 8, on the effect of the Supreme Court's ruling in *Dobbs* on the injunction in this case. Doc. 109 at 2. On July 28, before the parties submitted the requested briefs, the Legislative Leaders of the North Carolina General Assembly, Philip E. Berger and Timothy K. Moore (in their official capacities), moved for leave to file an amicus brief in this case. Doc. 114. In their motion, they correctly noted that Defendants do not oppose their motion. *Id.* at 2. But their motion and brief contain a number of misapprehensions that require correction. The Attorney General voluntarily recused himself from the appeal in this case and has not taken part in these post-judgment proceedings. As a result, his public statements are policy statements of a constitutional officer of North Carolina—

3

not legal positions of the named Defendants. On the other hand, Defendants, as they have been since the appeal, are represented by North Carolina Department of Justice staff. Defendants' positions are therefore reflected in this filing.

## **ARGUMENT**

The Supreme Court's opinion in *Dobbs* represents an intervening change in law. However, its immediate aftermath creates a significant risk of public confusion that could be exacerbated by a court order whose effect would be merely symbolic. As a result, there are countervailing considerations that counsel against lifting the injunction at the present time.

To come within Rule 60(b), there must be a showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Only after that showing has been made can the court consider, *inter alia*, whether the underlying injunction "is based on an earlier judgment that has been reversed or vacated." *Id.*; *see also United States v. Welsh*, 879 F.3d 530, 536 (4th Cir. 2018). So while a court errs when it "refuses to modify an injunction . . . in light of such changes [in either statutory or decisional law]," *Agostini v. Felton*, 521 U.S. 203, 215 (1997), it must still be "satisfied that what it has been doing has been turned through changed circumstances into an

4

instrument of wrong." *Id.* (quoting *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961)); *see also DeFilippis v. United States*, 567 F.2d 341, 344 (7th Cir. 1977) (*overruled on other grounds by United States v. Chicago*, 663 F.2d 1354 (7th Cir. 1981); *Lubben v. Selective Serv. Sys.*, 453 F.2d 645, 650-51 (1st Cir. 1972).

*Dobbs* represents an intervening change in decisional law that directly affects the basis of the injunction in this case. But in the present circumstances there are strong reasons to conclude that lifting the injunction, rather than leaving it in place, would be the "instrument of wrong" that the Court should seek to avoid. Accordingly, no defendant in this action requests that this Court lift or modify the injunction at the present time.

Most significantly, the Defendants who are responsible for enforcing the challenged statute and who are bound by the injunction have made clear that they will not bring criminal prosecutions under the statute, even if the injunction is lifted. *See, e.g., Bryant v. Woodall*, No. 19-1685 (4th Cir.), Doc. 24 at 8-9. Because the challenged statute is one that carries criminal penalties, the district-attorney defendants are the only defendants who are authorized to enforce violations of it. N.C. Gen. Stat. §§ 7A-60, 61. Both of the district-attorney defendants, however, have previously made clear—and reiterate through this filing—that they have no present intention of initiating criminal

5

prosecutions arising out of any alleged violations of section 14-45.1 as written, even absent the injunction. *Id.* Since they are the only defendants whose authority would be directly affected by the injunction, there is no indication that lifting the injunction would have any practical effect on prosecutions.[2] Nor is there any indication that any other district attorney with a reproductive health facility in his or her jurisdiction would seek to enforce the statute. For example, no district attorney has sought to intervene in this action seeking to lift the injunction. Should such a request arise, this Court could consider it at that time.

Acting now, with no reasonable prospect that the statute will be enforced at this time, would come at a significant cost. Until *Dobbs* was decided in June of this year, nearly all women of child-bearing age in North Carolina had lived

---

[2] The Fourth Circuit's holding that the district-attorney defendants' public and sworn statements do not defeat standing for constitutional purposes does not affect the analysis of whether the injunction against them should be lifted. *Bryant v. Woodall*, 1 F.4th 280, 288-89 (4th Cir. 2021). The Fourth Circuit held that these statements are insufficient to extinguish a credible threat of enforcement for standing purposes only. *Id.* at 289. Here, however, the "credible threat" standard has no application. Rather, the defendants who are primarily burdened by the injunction are explaining to the Court that modification of that injunction would not relieve them of any practical burden. Therefore, while the district-attorney defendants' statements do not defeat standing, they do impact prudential considerations about the practical effects of the equitable relief it imposes. *See Whole Women's Health v. Jackson*, 142 S. Ct. 522, 536 (2021) (federal courts may enter "equitable relief against only those officials who possess authority to enforce a challenged state law.").

their entire lives in possession of a constitutional right to pre-viability abortion. The abrupt elimination of that constitutional right in *Dobbs*, and the potential reinstatement of criminal penalties for providing or obtaining previously legal healthcare, has given rise to substantial confusion and uncertainty in North Carolina and elsewhere about the state of the law and the risk of criminal prosecution for women and healthcare providers. Lifting the injunction will likely worsen the public confusion that is inevitable from such a profound reversal in the law.

## CONCLUSION

Lifting the injunction, after nearly fifty years in which the existence of a constitutional right to abortion was settled law, will inevitably create a substantial risk of further public confusion. The only Defendants who have any direct enforcement role with respect to the challenged statute have no intention to exercise that enforcement authority, nor has any other district attorney with enforcement responsibility over the statute indicated they would either.

For these reasons, Defendants do not seek lifting or modification of the injunction at the present time.

Respectfully submitted this 8th day of August 2022.

/s/ Leslie Cooley Dismukes

Leslie Cooley Dismukes
Criminal Bureau Chief
N.C. State Bar No. 33871
North Carolina Department of Justice
Criminal Division
Post Office Box 629
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6560
Fax: (919) 716-6760
E-mail: ldismukes@ncdoj.gov

*Counsel for the Defendants*

# CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document is in compliance with Local Rule 7.3(d)(1) of the Rules of the United States District Court for the Middle District of North Carolina and this Court's July 8 Order and does not exceed 4,000 words.

This the 8th day of August 2022.

*/s/ Leslie Cooley Dismukes*

Leslie Cooley Dismukes
Criminal Bureau Chief
N.C. State Bar No. 33871
North Carolina Department of Justice
Criminal Division
Post Office Box 629
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6560
Fax: (919) 716-6760
E-mail: ldismukes@ncdoj.gov

*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

This is to certify that, on the 8th day of August 2022, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have appeared in this case.

*/s/ Leslie Cooley Dismukes*

Leslie Cooley Dismukes
Criminal Bureau Chief
N.C. State Bar No. 33871
North Carolina Department of Justice
Criminal Division
Post Office Box 629
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6560
Fax: (919) 716-6760
E-mail: ldismukes@ncdoj.gov

*Counsel for the Defendants*